UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

| | |
|---|---|
| RENE VILCHES, and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| SUDDENLY EXPRESS, CORP., UNITED EQUIPMENT HOLDINGS INC., a/k/a TRANSPORTATION SOLUTIONS OF SOUTH FLORIDA, LAZARO HERNANDEZ, | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

_____

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiff, RENE VILCHES, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, SUDDENLY EXPRESS, CORP., UNITED EQUIPMENT HOLDINGS INC., a/k/a TRANSPORTATION SOLUTIONS OF SOUTH FLORIDA, and LAZARO HERNANDEZ, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant, SUDDENLY EXPRESS, CORP, is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was Plaintiff's joint FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant, UNITED EQUIPMENT HOLDINGS INC., a/k/a TRANSPORTATION SOLUTIONS OF SOUTH FLORIDA, is a corporation that regularly transacts business

within Dade County. Upon information and belief, the Defendant Corporation was Plaintiff's joint FLSA employer for the relevant time period.

5. The individual Defendant LAZARO HERNANDEZ is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's joint employer as defined by 29 U.S.C. 203 (d).

6. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States.  This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff (i.e. other drivers) who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified

at a rate not less than one and one-half times the regular rate at which he is employed."

10. Plaintiff worked for Defendants as a driver from on or about February 29, 2016 through on or about June 15, 2017.

11. As a driver, Plaintiff's job duties required of him by Defendants, along with other drivers, included, but were not limited to, driving an International truck and using the lift gate on said truck, using pallet jacks, using dollies, wearing a uniform, and handling goods or materials that travelled through interstate commerce, such as clothes, cell phones, alcohol, shoes, electronic equipment, cement, hazardous materials, paints, and other such imported/exported goods or materials.

12. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods including, but not limited to driving an International truck and using the lift gate on said truck, using pallet jacks, using dollies, wearing a uniform, and handling  goods or materials that travelled through interstate commerce, such as clothes, cell phones, alcohol, shoes, electronic equipment, cement, hazardous materials, paints, and other such imported/exported goods or materials, that Plaintiff used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

13. Additionally, Defendants regularly employed two or more employees for the relevant time

period such as the other drivers and office staff, who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, such as driving an International truck and using the lift gate on said truck, using pallet jacks, using dollies, wearing a uniform, and handling  goods or materials that travelled through interstate commerce, such as clothes, cell phones, alcohol, shoes, electronic equipment, cement, hazardous materials, paints, and other such imported/exported goods or materials, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

14. Upon information and belief, the Defendant Corporations had gross sales or business done in excess of $500,000 annually for the years 2015, 2016, and 2017.

15. Upon information and belief, Defendants, SUDDENLY EXPRESS, CORP., and UNITED EQUIPMENT HOLDINGS INC., a/k/a TRANSPORTATION SOLUTIONS OF SOUTH FLORIDA, are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the companies, performed through unified operation and/or common control, are being done for a common business purpose. Said Defendants act in tandem and for purposes of the issue of gross annual income regarding FLSA enterprise coverage, Plaintiff intends to stack income as appropriate pursuant to the applicable law.

16. Upon information and belief, Defendants, SUDDENLY EXPRESS, CORP., and UNITED EQUIPMENT HOLDINGS INC., a/k/a TRANSPORTATION SOLUTIONS OF SOUTH FLORIDA, were each Plaintiff's joint employer during Plaintiff's employment with the Defendant Companies as the work performed by Plaintiff simultaneously benefited all Defendant Companies who were responsible for controlling, directly and/or indirectly, Plaintiff's hours, determining Plaintiff's pay and which were operated by the same company officers for a common business purpose.

17. Individual Defendant LAZARO HERNANDEZ was Plaintiff's individual employer for the time period alleged herein, pursuant to 29 U.S.C. §203(d) as set forth above.

18. Between the period of on or about February 29, 2016 through on or about June 15, 2017, Plaintiff worked approximately 595.55 hours of overtime for Defendants and was paid an average of $12.00 per hour but was not paid the extra half time rate for approximately 595.55 hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each approximately 595.55 overtime hours.

19. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605

Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121